Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| HIRAM PÉREZ SOTO<br><br>Peticionario<br><br>v.<br><br>CANTERA PÉREZ, INC.<br><br>Recurrida | KLCE202500269 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Caso núm.: HSCI200701040<br><br>Sobre: Partición de Herencia |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de marzo de 2025.

El Tribunal de Primera Instancia ("TPI") denegó una moción de relevo de sentencia y otras determinaciones. Según se explica en detalle a continuación, procede la desestimación del presente recurso por resultar tardío y por el craso incumplimiento del peticionario con el Reglamento de este Tribunal.

I.

El **17 de marzo** de 2025 (lunes), el Sr. Hiram Pérez Soto (el "Peticionario"), por derecho propio, presentó el recurso de referencia.

El Peticionario relata que ha presentado "cuatro mociones solicitando la nulidad de las sentencias dictadas por el TPI", así como de "la resolución descalificando mi *pro se* [de] marzo de 2008 y la resolución nombrando al codemandado Sr. Cordero Soto contador partidor judicial y administrador judicial en noviembre de 2010". Indica que también ha solicitado al TPI que se dejen sin efecto "las numerosas sanciones que me impusieron injustamente". Indica que, "luego de 18 años de litigio, se me hace imposible pagar abogados con la rapidez necesaria".

El Peticionario nos solicita que revisemos una orden notificada el **12 de febrero** de 2025 (la "Orden"), la cual se anejó al recurso; asevera que esa es la "última resolución denegando mi moción". Plantea que, a través de la Orden, el TPI denegó "de forma conclusoria mociones de nulidad de sentencias y resoluciones por perjuicio de magistrados".

El Peticionario arguye que las decisiones objeto de sus mociones de relevo son nulas porque "eran totalmente erradas y demostraban prejuicio". Anejó varios escritos que ha presentado ante el TPI, así como copia de una sentencia sumaria parcial emitida por el TPI en febrero de 2019, y un informe pericial. Disponemos.

II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

La Regla 32(D) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 32(D), establece que el término para presentar el recurso de *certiorari* será "dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida". Dicho término es de cumplimiento estricto, por lo cual puede ser prorrogado por justa causa debidamente sustentada en la petición de *certiorari.* Regla 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(b); *Córdova v. Larín,* 151 DPR 192, 194-5 (2000). La justa causa tiene que ser acreditada con explicaciones

concretas y particulares que permitan al juzgador concluir que hubo una excusa razonable para la tardanza. *Febles v. Romar*, 159 DPR 714, 720 (2003); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92-3 (2013).

Por su parte, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 83, permite la desestimación de un recurso de apelación o la denegatoria de un auto discrecional por falta de jurisdicción. La referida regla también nos faculta a desestimar cuando el recurso se presentó fuera del término de cumplimiento estricto y no se acreditó la justa causa para la demora. *Íd.*

III.

El término para revisar la Orden expiró el 14 de marzo (viernes), un día laborable antes de que se presentara el recurso de referencia. La Orden fue notificada el 12 de febrero de 2025, por lo cual el término de cumplimiento estricto de 30 días para revisarla venció el 14 de marzo de 2025.

El Peticionario no intentó explicar por qué presentó el recurso luego de expirado el término aplicable. No podemos olvidar que la justa causa tiene que ser acreditada con explicaciones concretas y particulares; es decir, no puede concluirse que hubo justa causa sobre la base de generalidades, mucho menos cuando ni siquiera hubo un intento de acreditarla. *Febles, supra; Soto Pino, supra.*

Al haber vencido el término que tenía el Peticionarios para presentar su recurso, y como este ni siquiera intentó acreditar la existencia de justa causa para la demora en presentar el recurso de referencia, no tenemos jurisdicción para revisar la decisión recurrida.

En segundo lugar, procede la desestimación del recurso que nos ocupa porque el escrito del Peticionario incumple de forma sustancial con los requisitos de la Regla 34 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 34, cuyo cumplimiento era necesario para su

perfeccionamiento. La parte que acude ante este Tribunal tiene la obligación de colocarnos en posición de revisar la determinación de la cual se recurre. *Morán v. Martí*, 165 DPR 356, 366-367 (2005); *Soto Pino, supra.* Además, tiene la obligación de dar fiel cumplimiento al trámite prescrito en las leyes y reglamentos aplicables al recurso instado ante nosotros. *Soto Pino, supra.*

El Peticionario no acompañó los documentos pertinentes que nos permitirían evaluar su reclamación. Adviértase que este tenía la obligación, de conformidad con la Regla 34, *supra*, de someter todo documento pertinente. El Peticionario incumplió con su obligación de acompañar todo escrito, resolución u orden que formara parte del expediente y que fuera pertinente a la controversia planteada en su recurso.

Más importante aún, el recurso no contiene una relación inteligible y coherente del trámite procesal del caso, ni de los fundamentos de derecho que podrían apoyar lo solicitado por el Peticionario.

Resaltamos que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles*, 159 DPR a la pág. 722. Por lo tanto, el Peticionario venía obligado al fiel cumplimiento del trámite prescrito aplicable al recurso instado ante nosotros. *Soto Pino, supra.*

Finalmente, aun si tuviéramos jurisdicción para evaluar el recurso, en el ejercicio de nuestra discreción, denegaríamos la expedición del auto solicitado. El Peticionario no aduce una teoría viable sobre nulidad de las decisiones objeto de su moción. El simple hecho de que el Peticionario entienda que las mismas son erradas no afecta la validez de lo anteriormente actuado por el TPI. Tampoco puede el Peticionario plantear "prejuicio" simplemente sobre la base de su apreciación en torno a la corrección del trámite judicial.

IV.

Por los fundamentos antes expuestos, desestimamos la petición de *certiorari* de referencia.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones